UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY G. JOHNSON,<br> *Plaintiff*, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION H-06-03502 |
| MIKE JOHANNS,<br>USDA SECRETARY,<br> *Defendant*. | §<br>§<br>§<br>§ | |

**ORDER**

Before the court is defendant's motion to dismiss for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1). Dkt. 15. The court must consider the plaintiff's claims in light of the underlying statutory law governing Title VII suits against the government and determine if proper subject-matter jurisdiction exists in this case. After considering defendant's motion and the applicable law, the court finds that defendant's motion should be GRANTED.

**I. BACKGROUND**

The plaintiff has filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for actions occurring during his employment with the United States Department of Agriculture Forest Service. *See* Dkt. 1. The case was initially filed in the Western District of Texas but has since been transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1406(a). Dkt. 4. The plaintiff alleges that the defendant harassed and discriminated against him due to an injury sustained to his right leg in March 2003. Dkt. 1 at 3. The plaintiff alleges that the discrimination created a hostile work environment that eventually led to his "constructive discharge" on July 25, 2003. *Id.* at 14.

The plaintiff contacted an Equal Employment Opportunity ("EEO") counselor more than eighteen months later on February 8, 2005 and eventually filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on March 11, 2005. *Id*. at 2, 5. An EEO Administrative judge dismissed the complaint for failure to comply with the 45-day limitation period for initially meeting with an EEO counselor. *Id*. at 5. The plaintiff then appealed the decision to the EEOC, which upheld the prior dismissal of the complaint. *See* Dkt. 1. The plaintiff has timely filed an appeal to this court. The defendant has filed a motion to dismiss for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(b)(1). Dkt. 15. The defendant argues that plaintiff's failure to comply with the 45-day limitation period constitutes a failure to exhaust the plaintiff's administrative remedies, resulting in a lack of subject matter jurisdiction over the case. *Id*. at 5-6.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a motion to dismiss is based on lack of subject-matter jurisdiction, the court may weigh the evidence and resolve factual disputes. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In considering the facts, the "court may base its disposition . . . on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. However, any conclusory statements in a complaint do not establish jurisdiction. *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). Further, the court may review the findings of the Equal Employment Opportunity Commission (EEOC) using a *de novo* standard when addressing issues of tolling the time limit for filing a complaint. *Teemac v. Henderson*, 298 F.3d 452, 455 (5th Cir. 2002) ("District courts cannot presume the correctness of the EEOC's factual findings.").

### III. APPLICABLE LAW AND FINDINGS

*1.      Exhaustion of Administrative Remedies*

The Rehabilitation Act of 1973 was intended to prevent discrimination against an otherwise qualified person in connection with employment in the federal government. 29 U.S.C. § 791 *et seq*. An administrative procedure has been established to handle discrimination complaints prior to allowing for judicial remedies. *See* 29 C.F.R. § 1614.105. A plaintiff who has been discriminated against must consult an EEO counselor within 45 days of the discriminatory act in order to begin the process to exhaust his or her administrative procedures; a requirement that must be fulfilled prior to filing suit in court. *Id*.; *see also Pacheco v. Mineta*, 448 F.3d 783, 791 n.11 (5th Cir. 2006). The 45-day limitation period begins to run from the time the discriminatory event or personnel action occurs, not when the plaintiff discovers or can prove that a discriminatory intent motivated the action. *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992). Failure to initiate contact within the 45-day limitations period and subsequently exhaust the administrative remedies will bar subsequent judicial review in federal court, and may only be circumvented by a showing of waiver, estoppel, or equitable tolling. *Pacheco v. Mineta*, 448 F.3d at 791 n.11. *Pacheco v. Rice*, 966 F.2d at 905.

*2.      Equitable Tolling*

Federal regulations allow for an extension of the 45-day contact period if:

> the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). Regulations allowing an extension to the limitations period are narrowly construed by the courts. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). A plaintiff must show that one of the named equities exists in order for the limitations period to be tolled. *Soto v. United States Postal Service*, 905 F.2d 537 (1st Cir. 1990). Instances of excusable neglect, without more, will not justify equitable tolling of the limitations period. *Irwin*, 498 U.S. at 96; *see also Pacheco v. Rice*, 966 F.2d at 907 ("the requirement of a diligent inquiry imposes an affirmative duty on the potential plaintiff to proceed with a reasonable investigation in response to an adverse event").

### 3. *Analysis*

The EEOC found that the plaintiff's claim was barred when he failed to initiate contact with an EEO counselor within 45 days of the allegedly discriminatory conduct. Dkt. 1 at 5. Specifically, the plaintiff resigned on July 25, 2003 and did not make contact with an EEO counselor until February 8, 2005, over eighteen months later. *Id*. On this basis, the EEOC held that the plaintiff did not comply with the 45-day limitations period for initiating contact with an EEO counselor. *Id*. Therefore, the plaintiff has failed to exhaust his administrative remedies.

The plaintiff contends that the 45-day period should be tolled due to his lack of notification of the limitations period. Dkt. 1 at 15. As evidence, the plaintiff claims that he was not notified by his supervisor or his union representative of the applicable limitations period. *Id*. However, evidence adduced at the EEO hearing demonstrated that defendant had posted notice of the plaintiff's EEO rights at his workplace and had provided EEO training as part of the plaintiff's employment. *Id*. at 5. This evidence demonstrates that the plaintiff should have been aware of his rights, and should have acted on those rights within the 45-day limitations period. The court may review these findings of fact *de novo*. The uncontroverted facts show that the plaintiff is not entitled to an

equitable tolling of the statute of limitations and has not exhausted his administrative remedies. The failure to exhaust these remedies means this court does not have subject-matter jurisdiction.

## IV.  CONCLUSION

The plaintiff's claim was dismissed by the EEOC due to his failure to timely pursue his administrative remedies. Federal regulations compel dismissal for lack of subject-matter jurisdiction unless the plaintiff can show cause for an equitable tolling of the limitations period. In this case, the plaintiff should have been aware of the limitations period for contacting an EEO counselor through his EEO training at his employment and the notices posted at his workplace. The failure to establish a basis for equitably tolling the statute of limitations requires that the complaint be dismissed for lack of subject-matter jurisdiction. For the foregoing reasons, defendant's motion to dismiss is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on March 20, 2007.

_____
Gray H. Miller
United States District Judge